UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., <br><br> Plaintiff, <br><br> -v.- <br><br> SAFETY SHOT, INC., <br><br> Defendant. | No.: 1:24-cv- <br><br><br> **COMPLAINT** |

Plaintiff Sabby Volatility Warrant Master Fund Ltd. ("Sabby"), by its attorneys, submits this Complaint against defendant Safety Shot, Inc. ("Safety Shot," or the "Company"), and respectfully alleges, upon knowledge as to its own acts and information as to the acts of others, as follows:

Introduction

1. Plaintiff brings this breach of contract action based on Safety Shot's refusal to honor a valid exercise of a Warrant purchased by Plaintiff in January 2023 to acquire 2,105,263 shares of Safety Shot common stock (the "Warrant").

Parties

2. Plaintiff Sabby Volatility Warrant Master Fund Ltd. is a company formed under the laws of the Cayman Islands with its principal place of business in George Town, Cayman Islands.

3. Defendant Safety Shot, Inc., is a Delaware corporation with its principal office in Jupiter, Florida. Safety Shot is a wellness and functional beverage company, engaged in the research and development of over-the-counter products and intellectual property for the treatment of variety of health problems, including overcoming the aftereffects of alcohol consumption.

12361048-4

Defendant's shares of common stock trade under the symbol "SHOT." Prior to September 15, 2023, the Company was named "Jupiter Wellness, Inc." and that corporate name appears on the Warrant.

## Jurisdiction

4. This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship as between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of the Cayman Islands and Defendant is a Delaware corporation headquartered in Florida.

## Forum and Venue

5. Defendant has consented to jurisdiction in New York. Pursuant to Section 5(e) of the Warrant, the parties have "irrevocably" submitted to the "exclusive jurisdiction of the state and federal courts sitting in the City of New York, Borough of Manhattan."

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2).

## Factual Background

7. Sabby is the holder of a Warrant to purchase common stock issued by defendant Safety Shot on or about January 23, 2023. The Warrant entitled Sabby to purchase 2,105,263 shares of Safety Shot stock at an original exercise price of $1.00 per share, which was subsequently reduced to $0.932 per share (the "Warrant Shares"). The Warrant has a five-year term.

8. In the event that Sabby sought to exercise the warrant, there was no effective registration statement registering the Warrant Shares, then Sabby was entitled to exercise the Warrant by "cashless exercise," which entitles it to receive a number of Warrant Shares calculated via a formula provided in the Warrant. In Section 2(c), the Warrant provides:

    <u>Cashless Exercise</u>. If at the time of exercise hereof there is no effective registration statement registering, or the prospectus contained therein is not available for the issuance of the Warrant Shares to the Holder or the resale of the Warrant Shares by the Holder, then this Warrant may also be exercised, in whole or in part, at such time by means of a "cashless exercise" in which the Holder shall be entitled to receive a number of Warrant Shares equal to the quotient obtained by dividing [(A-B) (X)] by (A), where:…

9. On November 15, 2023, Safety Shot failed to file its Form 10-Q for the quarter ending September 30, 2023. As a result, any existing registration statement for Safety Shot ceased to be effective and Safety Shot was required to file a new registration statement and satisfy SEC requirements to make it effective. Since at least November 15, 2023, Safety Shot has not had an effective registration statement for the common stock underlying the Warrant.

10. On November 20, 2023, Sabby submitted contractually-authorized cashless exercise of the Warrant entitling it to 210,556 Warrant Shares. Safety Shot acknowledged receipt of this cashless exercise and honored it.

11. On February 2, 2024, Sabby submitted another cashless exercise for 306,728 Warrants. Based on market prices at the time of exercise, Sabby was entitled to receive 212,692 Warrant Shares.

12. As a result of the exercise, the Company was obligated to deliver the Warrant Shares within two Trading Days.

13. In Section 2(a), the Warrant provides, "The Company shall deliver any objection to any Notice of Exercise within one (1) Trading Day of receipt of such notice."

14. Safety Shot has not delivered any objection to the February 2 exercise, has provided no response otherwise and has refused to deliver any Warrant Shares. Safety Shot has refused to honor efforts by other investors to exercise on a cashless basis, wrongfully claiming that cashless exercise is not available under its Warrants.

12361048-4

15. Pursuant to its Warrant, Safety Shot is now entitled to damages in the aggregate amount of approximately $600,000 based on the value of Safety Shot at the relevant time or, in the alternative, specific performance.

16. In addition to the foregoing, Sabby is entitled to liquidated damages computed in accordance with Section 2(d) of the Warrant

### First Cause of Action: Breach of Contract

17. Plaintiff restates the allegations in paragraphs 1 – 16 above.

18. Plaintiff has fully performed its obligations under the Warrant. As set forth above, Safety Shot breached the Warrant by failing to deliver the shares that were due on exercise.

19. As a direct, proximate and foreseeable result of defendant's breach, Sabby has suffered losses in an amount estimated to be at least $600,000.

20. Under Section 6(e) of the Warrant, Sabby is also entitled to recover its attorneys' fees.

### Second Cause of Action: Specific Performance

21. Plaintiff restates the allegations in paragraphs 1 – 16 above.

22. The Warrant is an enforceable contract. Plaintiff has fully performed its obligations under the Warrant. Plaintiff has no adequate remedy at law.

23. In Section 5(j), the Warrant provides:

> The Holder, in addition to being entitled to exercise all rights granted by law, including recovery of damages, will be entitled to specific performance of its rights under this Warrant. The Company agrees that monetary damages would not be adequate compensation for any loss incurred by reason of a breach by it of the provisions of this Warrant and hereby agrees to waive and not to assert the defense in any action for specific performance that a remedy at law would be adequate.

24. As a result of Safety Shot's breach of the Warrant, Plaintiff is entitled to a decree of specific performance requiring Safety Shot to comply with the terms of its contract and to deliver to Plaintiff 212,692 free trading shares of Safety Shot common stock, along with liquidated damages under Section 2(d) of the Warrant.

25. Under Section 5(e) of the Warrant, Sabby is also entitled to recover its attorneys' fees.

### Third Cause of Action: Declaratory Relief

26. Plaintiff restates the allegations in paragraph 1 – 16 above.

27. An actual controversy currently exists between the parties because Plaintiff contends that it is entitled to a exercise the Warrant on a cashless basis when the Company does not have an effective registration statement in place for the shares of common stock underlying the Warrant and the Defendant disputes that contention.

28. Accordingly, Plaintiff is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Plaintiff may exercise the Warrant on a cashless basis provided the Company does not have an effective registration statement in place for the shares of common stock underlying the Warrant.

29. Under Section 5(e) of the Warrant, Sabby is also entitled to recover its attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

    a. On the first claim for relief, awarding Plaintiff damages in an amount estimated to be at least $600,000, plus interest and attorney fees.

    b. On the second claim for relief, a decree of specific performance, plus liquidated damages, and attorneys' fees;

    c.    On the third claim for relief, a declaration that Plaintiff may exercise the Warrant on a cashless basis provided the Company does not have an effective registration statement in place for the shares of common stock underlying the Warrant; and

    d.    Granting such other and further relief as the Court deems just and proper.

Dated: February 8, 2024
New York, New York

OLSHAN FROME WOLOSKY LLP

By: */s/ Thomas J. Fleming*
Thomas J. Fleming
Daniel M. Stone
*Attorneys for Plaintiff Sabby Volatility Warrant Master Fund Ltd.*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
tfleming@olshanlaw.com
dstone@olshanlaw.com