UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., <br><br> Plaintiff, <br><br> -against- <br><br> SAFETY SHOT, INC., <br><br> Defendant. | Civil Action No. 1:24-cv-0920-NRB <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER |

   The Parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of Plaintiff Sabby Volatility Warrant Master Fund Ltd. and Defendant Safety Shot, Inc. (collectively "the Parties"), other parties who may be added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information. Without waiver of objections to the discoverability of any documents, the Parties intend to provide a mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner that protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information.

   NOW, WHEREFORE, good cause having been shown, the Parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

   1.  This Protective Order governs the handling of Information, including, but not limited to, documents, deposition testimony and exhibits, responses to written discovery,

12628800-1

responses to demands for inspection, and any summaries, copies, excerpts, or descriptions of such documents and information, produced or provided by any party or other person in response to a discovery request in this action. Each Party shall serve a copy of this Protective Order on all parties or persons from whom it has or will seek discovery in this action.

2. The Parties agree that Information obtained through discovery in this action shall be used solely by the Parties to this litigation for purposes of this action. All contractual confidentiality provisions and restrictions shall be strictly obeyed and enforced.

3. Any party or other person producing any Information in response to a discovery request or subpoena in this action (a "Producing Party") may unilaterally and in good faith designate such Information as "Confidential" in accordance with Paragraphs 4 through 5.

4. Good cause exists for the designation of information as "Confidential" if the information contained or expressed therein has not been disclosed to the public and if public disclosure of such information is either restricted by law or would, in the good faith opinion of the Producing Party, adversely affect its business, commercial, financial or personal interests or be reasonably likely to pose a risk of harm to the Producing Party's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Producing Party or contains trade secrets or other commercially sensitive, highly confidential research, development or commercial information, or highly sensitive or personal financial information. The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record or otherwise; and (b) any information known to the Party receiving the disclosure or obtained by the Party

receiving the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5. Information may be designated as "Confidential" by stamping such designation on the Information and/or making such designation in writing concurrently with the provision of the Information. All materials designated "Confidential" shall be treated as designated and in the manner described in Paragraphs 6 through 11 below. Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass indiscriminate designations are prohibited.

6. Except as provided herein, with the express written permission of the Producing Party or its counsel, or upon order of the Court, counsel shall not deliver, exhibit, or disclose any Information designated as "Confidential" to any person(s), organization(s), or group(s), except those permitted by Paragraph 7 below, and shall not discuss any such Information with any person(s), organization(s), or group(s), except those permitted by Paragraph 7 below.

7. Information designated as "Confidential" may be used solely by the Parties to this litigation in preparation for and during the trial or mediation of this litigation. The Parties stipulate that such Information will be held in strict confidence and shall not be disclosed, except as otherwise provided herein, to any person other than

    a. the Parties and their officers, directors, and employees to whom disclosure is reasonably necessary for this litigation;

b. the Court (including appellate courts), arbitrators, mediators, court reporters, and the personnel of any of the foregoing;

c. "outside" and "inside" counsel to all Parties in this litigation, including "outside" and "inside" counsel of any Party's members, affiliates or investors and the counsel's regular and temporary employees and service vendors;

d. experts and consultants (and their employees) employed by or retained by any of the Parties or their counsel who are assisting counsel in the prosecution or defense of this litigation;

e. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

f. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g. during the deposition of any non-expert witness, the Party conducting the deposition may only use Confidential Information if the Confidential Information was provided by (i) itself; (ii) the witness; (iii) the witness' employer or former employer; (iv) if the witness was previously retained as a consultant or contractor by the Producing Party and has signed the declaration attached as Exhibit A; or (v) if the Producing Party agrees to the disclosure, which agreement shall not be unreasonably withheld, and, prior to the time the witness receives such Information, the witness has reviewed a copy of this Protective Order and signed

4

       the declaration attached as Exhibit A. A Party's use of its own Confidential Information during a deposition shall not constitute a waiver of the Confidentiality of that information; and

  h.    any person mutually agreed upon by the Parties.

  8.    Each person (other than Court personnel, counsel for the Parties, and their respective legal assistants, litigation support and staff) to whom Information designated as "Confidential" may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the declaration attached as Exhibit A, prior to the time he or she receives such Information, that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms. Counsel disclosing Information designated as "Confidential" to any such person shall retain the original executed copy of the declaration.

  9.    When testimony is to be elicited during a deposition that is, or is likely to be, Confidential, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential Information shall be so designated in writing no later than thirty (30) days following receipt of the transcript from the reporter. Prior to such written designations, the entire deposition transcript shall be treated as Confidential at the request of either Party at the deposition. Following any written designation, those portions of the deposition transcript containing Confidential Information shall be bound separately from those portions that do not contain Confidential Information and shall be marked with the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS DESIGNATED
> AS CONFIDENTIAL BY COUNSEL AND COVERED BY A
> STIPULATED PROTECTIVE ORDER - TO BE FILED WITH
> THE COURT UNDER SEAL.

12628800-1

10. Confidential Information is not to be filed with the Court except when required in connection with motions or other matters pending before the Court. If Confidential Information must be filed under such circumstances, Counsel may make copies of Information designated as "Confidential" for the purpose of filing copies with the Court and may discuss, describe, and disclose any such Information in any document filed with the Court. However, any Information designated as "Confidential" or copies thereof, or any pleading, memorandum of law, motion or other document submitted to the Court disclosing any such Confidential Information, shall be filed under seal pursuant to the Court's procedures set forth unless or until modified by Court order. Such filings, documents, exhibits or transcripts of testimony shall be filed in sealed envelopes which will be endorsed with the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:

>  FILED UNDER SEAL PURSUANT TO THE PROTECTIVE
>  ORDER APPROVED BY THIS COURT

Notwithstanding this paragraph, a Producing Party may choose to file its own Information with the Court, without filing under seal.

11. Failure to designate Information as "Confidential" using the procedures described above shall not operate to waive a party's right to later so designate such material. Once such a designation is made by written notice and new copies of properly marked materials are sent to all counsel in the Litigation, the relevant Information shall be treated thereafter as "Confidential" in accordance with this Stipulation and Protective Order. In the event there is an interval between the written notice and the provision of new copies of properly marked materials, the parties shall treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

12628800-1

12. In the event a Producing Party inadvertently fails at the time of production to assert a claim of attorney-client privilege or work product immunity as to certain Information, such production shall not be a waiver of that privilege or work product claim. Assertion of the privilege or work product claim shall be made by written notice as soon as practicable after learning of the inadvertent disclosure. Within one (1) day after receiving a written request from the Producing Party, the Receiving Party must return or destroy the Information and make reasonable efforts to retrieve any such Information disclosed to any third party prior to the notification, regardless of whether the Receiving Party contests the Producing Party's claim of privilege or immunity. The Receiving Party shall not review, use or disclose the Information, unless the claim of privilege or protection is either withdrawn by the Producing Party or ordered withdrawn by the Court. A Party may, after conferring with opposing counsel in a good faith effort to resolve by agreement any dispute regarding the Producing Party's assertion of attorney-client privilege or work product immunity, contest the Producing Party's claim of privilege or immunity by motion. Neither Party shall offer evidence or argue that the production or return of the document should be considered in ruling on the validity of the asserted privilege.

13. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Protected Documents to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Documents, (c) provide the person or persons to whom unauthorized disclosures were made of a copy of this Order, and (d) request such person or persons certify in the declaration attached as Exhibit A that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms.

14. If a Receiving Party disputes whether Information is properly designated as Confidential, or otherwise believes it is unnecessary to file the Information under seal as contemplated by Paragraph 10, the Parties agree to attempt to resolve such issues informally. The Party who disputes the designation shall provide its reason(s) in writing to the Producing Party. The Producing Party shall respond in writing with its reason(s) for its designation. The Parties will then confer and make a good faith effort to resolve the dispute informally. In the event the Parties are not able to resolve the dispute, the Party who disputes the confidentiality designation may file a motion pursuant to the procedures set forth in Local Rule 37 to resolve the dispute. The Party designating the material as Confidential shall bear the burden to demonstrate that the designation was proper. Until the matter is resolved by the Court, the Receiving Party will continue to treat the Information at issue as Confidential.

15. This Protective Order shall not be deemed a waiver of:

   a. any party's right to object to any discovery or the production of any information or documents;

   b. any party's right to seek an order compelling discovery with respect to any discovery request;

   c. any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

   d. any party's right to use its own documents with complete discretion.

16. Except as specifically provided in this Order, counsel shall keep all Confidential Information and Protected Documents produced to them within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such

materials and Information, and shall not permit unauthorized dissemination of such materials to anyone.

17.   Upon final resolution of this litigation, including all appeals, all Information designated as "Confidential" shall be destroyed by the Party possessing the documents unless the Producing Party requests their return, in which case the documents shall be returned promptly. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order may be enforced by filing a motion in this Court. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

18.   This Protective Order may be modified by further order of the Court, or by agreement of counsel for the Parties subject to Court approval. Any such agreement shall be in the form of a written stipulation and proposed order filed with the Court.

19.   By their signatures hereto, counsel for the Parties affirm that they have been authorized by their clients to enter into the Protective Order and agree, on behalf of themselves, their law firms, and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

**STIPULATED AND AGREED TO:**

OLSHAN FROME WOLOSKY LLP  GUSRAE KAPLAN NUSBAUM PLLC

By: /s/ Thomas J. Fleming  
    Thomas J. Fleming, Esq.  
    Daniel M. Stone, Esq.  
    1325 Avenue of the Americas  
    New York, New York 10019  
    (212) 451-2300

*Attorneys for Plaintiff*

By: /s/ Kari Parks  
    Kari Parks, Esq.  
    Iuliia Kassai, Esq.  
    120 Wall Street  
    New York, New York 10005  
    (212) 269-1400

*Attorneys for Defendant*

**SO ORDERED.**

Date: September 16, 2024  
      New York, New York

_____  
Hon. Naomi Reice Buchwald

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of *Sabby Volatility Warrant Master Fund Ltd. v. Safety Shot, Inc.*, Case No. 1:24-cv-920-NRB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____